This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
Appellant, Anderson Boggs ("Anderson"), appeals the decision of the Medina County Court of Common Pleas regarding his marital debt. We affirm.
 I.
The trial court granted Anderson and Diane Boggs ("Diane") a divorce, after approximately 37 years of marriage. The parties entered stipulations regarding all issues except the nature of a FirstMerit credit line debt in the amount of $44,000, a FirstMerit credit card debt in the amount of $7,160 and a Providian credit card debt in the amount of $21,000. The trial court heard evidence regarding these two debts from Anderson, Diane and their two oldest sons. On June 29, 2001, the trial court granted the divorce, determined that the debts were marital and divided them equally between the couple. This appeal followed.
 II.
Assignment of Error No. 1:
 THE TRIAL COURT ERRED IN FINDING THAT THE [FIRSTMERIT] CREDIT LINE WAS A MARITAL DEBT.
 Assignment of Error No. 2: THE TRIAL COURT ERRED IN FINDING THAT THE PROVIDIAN MASTERCARD DEBT AND THE [FIRSTMERIT] CREDIT CARD DEBT WERE MARITAL DEBT.
Anderson's two assignments of error are related and will be considered together for ease of discussion. Anderson challenges the trial court's determination of the couple's marital debt.
We begin by noting that before the trial court reaches the stage of distributing property, it must first determine what constitutes marital property and what constitutes separate property. R.C. 3105.171(B). This characterization is a factual inquiry and is reviewed under a manifest weight of the evidence standard. We must affirm the trial court's factual conclusions unless they are not supported by competent, credible evidence. Spinetti v. Spinetti (Mar. 4, 2001), Summit App. No. 20113, unreported, at 7.
When evaluating whether a judgment is against the manifest weight of the evidence in a civil context, the standard of review is the same as that in the criminal context. Frederick v. Born (Aug. 21, 1996), Lorain App. No. 95CA006286, unreported, at 14. In determining whether a criminal conviction is against the manifest weight of the evidence:
 [t]he court, reviewing the entire record, weighs the evidence and all reasonable inferences, considers the credibility of witnesses and determines whether in resolving conflicts in the evidence, the [trier of fact] clearly lost its way and created such a manifest miscarriage of justice that the [judgment] must be reversed and a new trial ordered. The discretionary power to grant a new trial should be exercised only in the exceptional case in which the evidence weighs heavily against the [judgment].
State v. Thompkins (1997), 78 Ohio St.3d 380, 387, quoting State v.Martin (1983), 20 Ohio App.3d 172, 175; see, also State v. Otten (1986),33 Ohio App.3d 339, 340.
In 1994, Diane and Anderson opened Wayneco, a family business. Anderson controlled the daily operations of the business while Diane was responsible for the financial matters. At trial, Diane presented the following testimony and evidence regarding the debts. Both Diane and Anderson signed to open a credit line at FirstMerit to provide a cash flow for the daily operating business expenses. The business experienced constant financial difficulties. However, Diane was afraid to discuss the business financial problems with Anderson.
Diane opened a Providian credit card in her name. Originally the credit card bills arrived at the couple's residence and Diane paid the bills out of her personal account. Eventually, she changed the billing address to a post office box. Diane deposited cash advances from the credit card into the business account and wrote checks to cover the business expenses. Anderson used this money to purchase three trucks for the business.
Diane also increased the credit line of the FirstMerit account to cover business expenses. The FirstMerit bank statements were sent to the couple's home and indicated their financial situation. After turning the business over to the couple's sons, Diane destroyed several business records.
At trial, Anderson failed to present evidence to demonstrate non-marital uses for the funds in question. On cross-examination, Anderson admitted that he had no knowledge regarding the extent of the business expenses and merely believed the company was making a profit. He was aware of the bank statements and tax returns but never fully reviewed either financial document.
We find that the trial court's determination that the Provincial credit card and FirstMerit debts were marital was not against the manifest weight of the evidence. Diane presented evidence that the funds in question were used for business expenses while Anderson failed to present evidence to establish a non-marital nature of the debts. The trial court was in the best position to determine the credibility of each witness and our review of the record reveals that the evidence presented supports the court's finding. Accordingly, Anderson's first and second assignments of error are overruled.
 III.
Having overruled Anderson's two assignments of error, the judgment of the trial court is affirmed.
Judgment affirmed.
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Medina, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to Appellant.
Exceptions.
CARR, J., WHITMORE, J. CONCUR.